UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND GASFITTERS LOCAL UNION 12 PENSION FUND<br><br>Plaintiffs,<br><br>v.<br><br>AMARI CO., INC.<br><br>Defendant. | Civil Action No.<br><br><br><br>August 5, 2013 |

## COMPLAINT

COLLECTION OF PAYMENTS DUE TO PLAINTIFF PENSION FUND PENDING ARBITRATION OF WITHDRAWAL LIABILITY PURSUANT TO EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974
SECTION 4219 (c)(2), 29 U.S.C. 1399(C)(2)

## PARTIES

1. Plaintiff Trustees of the Plumbers and Gasfitters Local Union No. 12 Pension Fund ("Pension Fund" or "Fund") are the Trustees of a multiemployer pension benefit plan as those terms are defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). The Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a collective bargaining agreement between affiliated Plumbers and Gasfitters

Local Union No. 12 ("Local 12") and employers such as the Defendant. The Pension Fund is administered at 1230-1236 Massachusetts Avenue, Boston, MA 02125.

2.  Defendant Amari Co., Inc. ("Amari") existing under the laws of the Commonwealth of Massachusetts with a principal office address of 54A Eastern Avenue, Woburn, Massachusetts 01801 and existing under the laws of New Hampshire with a principal office address of 11 Caldwell Drive, Amherst, NH 03031 is a contractor in the plumbing industry and at all times herein is an "employer" as defined in ERISA, 29 U.S.C. §§ 1002(5), 1301(b)(1).

## JURISDICTION

3.  This court has jurisdiction of this action under 29 U.S.C. §§ 1132, 1145, and 1451. This is an action to collect withdrawal liability owed to an employee pension benefit fund under the terms of the fund's plan and the Multiemployer Pension Plan Amendments Act ("MPPAA").

## VENUE

4.  Venue is proper in this district pursuant to 29 U.S.C. § 1451(d) because the Pension Fund is administered in this district and also because Amari conducts business in this district.

## FACTS

5.  Since at least about Plan Year 2003 until August 31, 2010, Amari was bound to the terms of successive collective bargaining agreements between Local 12

and the Plumbing Heating Cooling Contractors ("PHCC") Association of Greater Boston ("collective bargaining agreements").

6. Pursuant to those collective bargaining agreements, Amari was required to pay to the Fund certain sums of money for each hour worked by its employees that were covered by the collective bargaining agreements.

7. Amari ceased its obligation to contribute to the Fund effective September 1, 2011 by written notices dated August 30, 2011 to Local 12, repudiating the collective bargaining agreement and to the PHCC withdrawing its letter of assent for bargaining with Local 12. In addition, upon information and belief, Amari continued to work in the trade covered by the collective bargaining agreement in the geographic jurisdiction of Local 12. Amari, therefore, experienced a complete withdrawal as specially defined in ERISA for employers substantially all of whose covered employees perform work in the building and construction industry, 29 U.S.C. § 1383(b)(2)(B), thereby incurring withdrawal liability to the Pension Fund.

8. On March 19, 2012, the Pension Fund sent a letter to Stephen M. Amari, President ("Stephen"), the owner of Amari, notifying him that the company was subject to withdrawal liability in the lump sum amount of **$210,176.00** plus interest. The letter provided an amortization schedule comprised of 13 quarterly payments of **$17,192.08**, beginning April 1, 2012 and ending April 1, 2015 with a final quarterly payment of the remaining balance owed in the amount of **$14,452.54** on July 1, 2015.

9.     By letter dated March 30, 2012, the Pension Fund received correspondence from Amari's legal counsel acknowledging Amari's receipt of the Fund's letter dated March 19, 2012 and requesting a review of the withdrawal liability determination.

10.    By letter dated December 12, 2012 the Fund informed Amari that it had obtained evidence that Amari was performing plumbing work in the jurisdiction of Plumbers Union Local 12. Specifically, Amari was performing plumbing work for Baldor Foods involving installation of one or more water closets, kitchen sinks, lavatories, hot water tanks, slop sinks, floor drains, urinals, water piping, and special waste at 215 Williams Street, Chelsea, Massachusetts.  That letter renewed the Fund's demand that Amari make payment of its withdrawal liability and included the determination of such liability of **$210,176.00** plus interest and included a payment schedule that provided for 13 quarterly payments of **$17,192.08** beginning on December 28, 2012 and ending December 28, 2015 with a final quarterly payment of the remaining balance owed in the amount of **$14,452.54** on March 1, 2016.

11.    By letter dated December 27, 2012, the Pension Fund received correspondence from Amari's legal counsel acknowledging Amari's receipt of Fund's letter dated December 12, 2012 and requesting a review of the withdrawal liability determination.

12.    By letter dated March 6, 2013, the Fund, through counsel, provided information in response to Amari's withdrawal liability determination request and

provided an amended payment schedule and demand taking into account the audited financial statement for Plan Year 2010 and that Amari is required to make such withdrawal liability payment sixty (60) days from the date of the demand letter, which would have been February 10, 2013.

13.  Amari's counsel responded to the Fund's letter dated March 6, 2013 with another request for review of the Fund's withdrawal liability representations.

14.  On May 23, 2013, Amari and the Fund met to discuss the withdrawal liability matter and to determine whether a satisfactory settlement could be reached.

15.  On or about June 6, 2013, Amari claimed the dispute to Arbitration.

16.  Fund's counsel sent a letter to Amari's counsel dated July 11, 2013 advising that ERISA § 4219(c)(2) requires Amari to make payments under the withdrawal liability payment schedule set forth in Plaintiff's March 6, 2013 letter notwithstanding Amari's request for review and claim to arbitration. The Fund indicated that it would take legal action to collect unpaid amounts owed under the withdrawal liability payment schedule if such payments were not received by the Fund within twenty (20) days.

17.  As of this date, the Fund has not received the requested withdrawal liability payments to which it is entitled notwithstanding Amari's request for review and despite pendency of arbitration.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## COUNT I
### (To Collect Unpaid Interim Withdrawal Liability Payments)

18. Plaintiff hereby restates and incorporates by reference the foregoing paragraphs 1 through 17 as if fully set forth in Count I.

19. Pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA," 29 U.S.C. § 1399(c)(2), Defendant is obligated to make all interim payments according to the withdrawal liability payment schedule established by the Fund notwithstanding the pendency of any review.  The Fund made this clear most recently in its letter dated July 11, 2013 that it sent to Amari's counsel.

20. The United States Court of Appeals First Circuit in the case of *Debreceni v. Merchant Terminal Corporation,* 889 F.2d 1, 4; 11 Employees Benefits Cas. 1881 (1st Cir. 1989) ruled that under the terms of the MPPAA, 29 U.S.C. § 1381 et seq. the assessed interim liability payments must be paid to the Fund notwithstanding a pending arbitrable dispute.  The Fund made this clear most recently in its letter dated July 11, 2013 that it sent to Amari's counsel.

21. Defendant failed to make any payments pursuant to the quarterly payment schedule established in the Fund's December 12, 2012 letter that should have commenced February 10, 2013 as referenced in the Fund's March 6, 2013 letter.  Amari is therefore in arrears for quarterly payments in the amount of **$17,192.08** for the quarterly scheduled payments due February, May, and August for

a total three quarters payment sum of *fifty-one thousand, five hundred seventy-six dollars and twenty-four cents ($51,576.24)*.

22.   29 U.S.C. § 1451(b) provides that any failure of an employer to make any withdrawal liability payment within the time prescribed by law shall be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145 and provides for a right of action to collect same.

23.   29 U.S.C. § 1132, provides for civil enforcement of ERISA's provisions, including 29 U.S.C. § 1145 in which a judgment in favor of a plan is awarded, the court shall award the plan the unpaid contributions; interest on same; an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; reasonable attorneys' fees and cost of the action; and such other legal and equitable relief as the court deems appropriate.

24.   29 U.S.C. § 1132(g)(2), further provides that interest on unpaid contributions shall be determined using the rate provided in the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code.  Section 11.8 of the Fund's Plan Document describes the method of determination payments toward withdrawal liability pursuant to Section 4219 of ERISA as amended by the MPPPA of 1980.  Section 11.9 of the Plan Document provides for the calculation of interest and liquidated damages in connection with the collection of delinquent payments.  That section provides:

> In accordance with ERISA §502(g)(2), as amended, the Trustees hereby establish the rate of interest to be paid by the Employers on delinquent contributions to be the same rate as is from time to time prescribed in the Collective Bargaining Agreement; and further, liquidated damages shall be assessed in an amount of the delinquency, or such higher percentage as may be permitted under Federal or State law, plus reasonable attorney's fees and cost of the action.

Plan Document, Section 11.9. The interest rate referenced in the collective bargaining agreement is one percent (1%) of the delinquent sum compounded each month. (CBA, Art VII-B, Sec. E. 1).

25. Pursuant to Section 11.9 of the Plan Document and 29 U.S.C. § 1132(g)(2), Defendant is obligated to the Fund in the amount of **ten thousand, three-hundred and fifteen dollars and twenty-five cents ($10,315.25)** in liquidated damages, which is 20% of the unpaid interim withdrawal liability amounts owed to date pursuant to the authorized schedule established by the Fund.

## COUNT TWO
### (To Enjoin Violations of ERISA)

26. Plaintiff hereby restates and incorporates by reference the foregoing paragraphs 1 through 25 as if fully set forth in Count II.

27. In addition to the requirement that interim withdrawal liability payments be made notwithstanding any request for review, 29 U.S.C. § 1401(d), provides that interim withdrawal liability payments shall be made by an employer notwithstanding the pendency of an arbitration to resolve a dispute concerning a pension fund's determination of withdrawal liability until the arbitrator issues a final decision.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

28.  Accordingly, Defendant is required by ERISA to pay the interim payments assessed by the Fund. The law provides such obligation must be paid regardless of whether Amari has requested review of the Fund's assessment and regardless of Amari's subsequent initiation of arbitration of its alleged dispute with the Fund.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fund prays for judgment on Counts I and II as follows:

A.  On Count I, judgment in the amount of **$51,576.24**, representing the unpaid interim withdrawal liability payments due from Defendant for the quarterly payments due February, May, and August 2013;

B.  On Count I, judgment for interest on the amount set forth in Paragraph A assessed at a rate of one percent (1%) of the delinquent sum compounded each month pursuant to the Plan Document or at the rate prescribed under section 6621 of the Internal Revenue Code as provided in 29 U.S.C. § 1132(g)(2), from the date due until the date of payment;

C.  On Count I, judgment in the amount of **$10,315.25** for liquidated damages assessed on the amount set forth in Paragraph A pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii);

D.  On Count I, post-judgment interest pursuant to 28 U.S.C. § 1961;

E.  On Count II, an Order enjoining Defendant to make interim payments that come due subsequent to filing this Complaint and all future interim payments due

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

pursuant to the payment schedule established by the Fund as required by 29 U.S.C. §§ 1399(c)(2) and 1401(d), pending resolution of this matter through arbitration, if any;

  F. On Counts I and II, costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g); and

  G. For such further legal and equitable relief as the Court may deem appropriate.

            Respectfully submitted,

Date: August 5, 2013      By: _____
            Robert M. Cheverie, Esq.
            Robert M. Cheverie & Associates P.C.
            333 East River Drive, Suite 101
            East Hartford, CT 06108
            Tel.: 860-290-9610
            Fax: 860-290-9611
            E-mail: rcheverie@cheverielaw.com
            BBO# 082320

            *Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing complaint has been served by certified mail, as required by, 29 U.S.C. § 1132(h) and 29 U.S.C. § 1451(g) this 5th day of August, 2013 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, D.C. 20224
*Attention: Employee Plans*

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC 20210
*Attention: Assistant Solicitor for Plan Benefits Security*

Office of the Chief Counsel
Pension Benefit Guaranty Corporation
1200 K Street, N.W.
Washington, DC 20005-4026

By: _____
Robert M. Cheverie, Esq.
Robert M. Cheverie & Associates P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108
Tel.: 860-290-9610
Fax: 860-290-9611
E-mail: rcheverie@cheverielaw.com
BBO# 082320

*Attorney for the Plaintiffs*